UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BEE CREEK PHOTOGRAPHY,

                    Plaintiff,

   - against -

THE HORN COMPANY RESIDENTIAL REAL
ESTATE, LLC

                    Defendant.

Docket No. 5:18-cv-1233

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Bee Creek Photography ("Bee Creek" or "Plaintiff") by and through its undersigned counsel, as and for its Complaint against Defendant The Horn Company Residential Real Estate, LLC ("Horn" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.　　This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted aerial panoramic photograph of the city of San Antonio, Texas, owned and registered by Bee Creek, a Texas based commercial photography studio. Accordingly, Bee Creek seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

## JURISDICTION AND VENUE

2.　　This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in Texas.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Bee Creek is a commercial photography studio specializing in high quality image and prints for editorial, architectural and commercial usage having a usual place of business at 21003 West Lakeshore Drive, Spicewood, TX 78669.

6.      Upon information and belief, Horn is a domestic limited liability company duly organized and existing under the laws of the State of Texas, with a place of business 15001 Old Bandera Road, Helotes, TX 78023. Upon information and belief Horn is registered with the Texas Department of State Division of Corporations to do business in the State of Texas. At all times material, hereto, Horn has owned and operated a website at the URL: www.thehornco.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      Tod Grubbs, is the owner of Bee Creek Photography, photographed the aerial panoramic photograph of the city of San Antonio, Texas (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Grubbs added a watermark onto the Photograph stating "BeeCreekPhotography.com". See Exhibit A.

9.      Bee Creek has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10.     The Photograph was registered with the United States Copyright Office and was given registration number VAu001259726. See Exhibit B.

**B.     Defendant's Infringing Activities**

11.     Horn created their Website in order to advertise their business titled *The Horn Company Real Estate Group.* See URL https://www.thehornco.com/home-page. The Website prominently featured the Photograph as part of a changing banner on their homepage. A true and correct copy of this banner on the Website and a screenshot of the Photograph on the Website are attached hereto as Exhibit C.

12.     Horn did not license the Photograph from Plaintiff for its Website, nor did Horn have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

14.     Horn infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Horn is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT**
**(17 .S.C. § 1202)**

20.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21.     Upon information and belief, in its article on the Website, Defendant copied out Plaintiff's watermark and placed it on its Website without the watermark

22.     Upon information and belief, Horn intentionally and knowingly removed copyright management information identifying Plaintiff as the owner of the Photograph.

23.     The conduct of Horn violates 17 U.S.C. § 1202(b).

24.     Upon information and belief, Horn's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Horn intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Horn also knew, or should have known, that such falsification, alteration and/or

removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

26.     As a result of the wrongful conduct of Horn as alleged herein, Plaintiff is entitled to recover from Horn the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Horn because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27.     Alternatively, Plaintiff may elect to recover from Horn statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Horn be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant Horn be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.     That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.     That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.      That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7.      That Plaintiff be awarded pre-judgment interest; and

8.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
           November 27, 2018

                                        LIEBOWITZ LAW FIRM, PLLC

                                        By: /s/Richard Liebowitz
                                        Richard Liebowitz
                                        11 Sunrise Plaza, Suite 305
                                        Valley Stream, New York 11580
                                        Tel: (516) 233-1660
                                        RL@LiebowitzLawFirm.com

                                        *Attorneys for Plaintiff Bee Creek Photography*